ALLEY, District Judge,
concurring in part and dissenting in part:
I concur in the majority’s disposition of this case, but disagree with its opinion in Part II B that the district court abused its discretion in excluding the SEC’s proposed “have you heard” cross-examination of Peters’ character witnesses about prior civil cases filed against Peters, and cross-examination of Peters about those cases. No findings adverse to Peters were made in those cases. It is true that under Fed. R.Ev-id. 403, the probative value of relevant evidence must be substantially outweighed by the danger of unfair prejudice in order to justify exclusion. However, considering the evidence offered and granting the claimed probative value in full, then balancing that against the persuasive countervailing factors cited by the trial judge, I am unable to agree that the district court abused its discretion in excluding the pro *1174 posed questions. I therefore respectfully dissent to this extent from the majority opinion.
An appellate court that concludes that an “abuse of discretion” has occurred has expressed a severe criticism of the decision below. The majority utilizes an abuse of discretion standard yet eschews any definition whatsoever of “abuse of discretion.” The reason is that the majority has simply substituted its discretion for that of the trial court.
The Tenth Circuit has espoused a variety of definitions of “abuse of discretion,” but in my view, the concept should never be construed under a flabby definition. The formulation that best delineates between trial and appellate functions is stated in United States v. Wright, 826 F.2d 938, 943 (10th Cir.1987), wherein our circuit correctly defines “abuse of discretion” as
a judicial determination [that] is arbitrary, capricious or whimsical. It is not merely an error of law or judgment, but an overriding of the law by the exercise of manifestly unreasonable judgment or the result of impartiality [sic], prejudice, bias or ill-will as. shown by evidence or the record of proceedings.
See also United States v. Cardenas, 864 F.2d 1528, 1530 (10th Cir.1989), cert. denied, 491 U.S. 909, 109 S.Ct. 3197, 105 L.Ed.2d 705 (1989). This definition properly acknowledges that appellate courts should not fritter their limited resources in making determinations that ought to repose at the trial level. Under the Wright definition, I am unable to find any abuse of discretion by the district court.
Until today, this circuit has consistently held that the decision to exclude evidence is within the “sound discretion of the trial court, and will not be reversed ... absent a clear abuse of discretion.” K-B Trucking Co. v. Riss Int’l Corp., 763 F.2d 1148, 1155 (10th Cir.1985) (emphasis added). Accord Spulak v. K Mart Corp., 894 F.2d 1150, 1156 (10th Cir.1990); Agristor Leasing v. Meuli, 865 F.2d 1150, 1152 (10th Cir.1988). Indeed, in Michelson v. United States, 335 U.S. 469, 480, 69 S.Ct. 213, 221, 93 L.Ed. 168 (1948) (emphasis added), the Supreme Court, in considering the manner and extent of cross-examination of character witnesses stated:
Both propriety and abuse of hearsay reputation testimony, on both sides, depend on numerous and subtle considerations, difficult to detect or appraise from a cold record, and therefore rarely and only on clear showing of prejudicial abuse of discretion will Courts of Appeals disturb rulings of trial courts on this subject.
Moreover, as recently as October 7, 1992, another panel of the Tenth Circuit stated that the “balancing of competing interests required by Rule 403 is a task to which the trial judge is particularly suited, United States v. Keys, 899 F.2d 983, 987 (10th Cir.1990), and ‘we will not disturb the trial judge’s ruling absent a clear abuse of discretion.’ ” United States v. Hartsfield, 976 F.2d 1349, 1352 (10th Cir.1992) (quoting Keys, 899 F.2d at 987). A clear abuse of discretion has not been demonstrated in this case.
In my opinion, the district court had discretion to exclude the proposed questions, as cross-examination regarding civil lawsuits that were simply filed, in itself can fairly, legitimately, and reasonably be said to raise unfair prejudice in context. Consider that virtually anyone with the filing fee can commence a civil suit and thus open a “veritable Pandora’s box of irresponsible gossip, innuendo and smear.” Michelson, 335 U.S. at 480, 69 S.Ct. at 220. In the area of securities fraud in particular, there are broad bases for liability and it is quite easy to assert an amorphous and exaggerated claim. Unfounded suits are filed all the time.
Another danger in allowing such cross-examination is that the very form of such questions telegraphs purported facts to the jury. The jury “well might assume, as men of common sense, that the court would not allow the question if the fact were only fiction.” Id. at 494, 69 S.Ct. at 227 (Rutledge, J. and Murphy, J., dissenting). This is a significant danger. In the instant case, for example, the proffered questions would insinuate to the jury that Peters in fact had liability for fraud and insider trading, or, at *1175 the very least, would leave the jury to guess that this had been the outcome. Because the allegations in the civil cases were unproven, the district court’s decision to exclude them was proper.
Furthermore, even a negative response to such cross-examination would not remove the unfair prejudice that would result. In fact, the Eighth Circuit has noted:
The purpose of propounding the question in the first place is to test the knowledge and credibility of the witness. When he gives a negative answer to the question, with its imputation of truthfulness in view of the respected public official making the inquiry, the knowledge of the witness must certainly appear inadequate from the jury’s point of view.,.. The negative response by a knowledge-’ able witness might be thought to suggest to the jury that the question contains no truth and hence removes any prejudice. We believe, however, that quite the opposite obtains. The negative response may actually be sought by the examiner to indicate that the witness is unknowledgeable and his credibility suspect so that the negative response heightens the truth imputed in the asking of the question by the respected public official.
Gross v. United States, 394 F.2d 216, 220-21 (8th Cir.1968). The Eighth Circuit’s logic is certainly applicable to the present case.
In holding that the district court should have allowed the proposed cross-examination, the majority here interprets Michelson, supra, as saying “have you heard” questions must be admitted because they can be .admitted. This is wrong. Michelson was decided prior to the adoption of the Federal Rules of Evidence, at a time when there was a more mechanistic application of evidentiary rules than now contemplated under Rule 403. More significantly, Michelson presented “have you heard” questions about an arrest, not a civil suit. These are entirely different situations. Even in a circumstance where there has been no conviction, an arrest, at the very least, ought to have been preceded by a determination of probable cause. See, e.g., Beck v. Ohio, 379 U.S. 89, 91, 85 S.Ct. 223, 225, 13 L.Ed.2d 142 (1964). The law, however, does not require any such showing as a condition of filing a civil suit.
The majority also states the opinion that any resulting prejudice can be reduced through the use of a limiting instruction. The decision about the efficacy of a limiting instruction, however, is a matter that is properly left to the discretion of the trial court. Consider the different circumstances of a trial court and an appellate court. The trial court observes jurors and is better situated to determine whether a limiting instruction would be effective. The trial court knows how many subtle issues a jury has to consider over the whole trial and how many limiting instructions it is capable of absorbing and applying. A trial court is in a far better position to determine whether the SEC attempted to try the instant case by insinuation and innuendo — this questioning being another straw on the pile. In contrast, the appellate court is faced only with' a cold transcript. For these reasons, discretion has historically and wisely been vested with the trial judge. These.are also the kinds of factors that persuaded the drafters of the Federal Rules of Evidence to promulgate a rule vesting the subtle balance in the trial court, arid not the appellate court. .
As an illustration of why I feel that a showing of clear abuse of discretion has not been presented in this case, consider Gross; supra, where the Eighth Circuit examined issues somewhat similar to the ones presented here. Gross was an appeal by two defendants convicted of fraud and obtaining money under false pretenses. At trial, the defendants called two character witnesses to testify as to their reputations in the community. On cross-examination, the first witness was asked if he “had heard” that a suit was filed against one of the defendants for purchasing money orders with insufficient fund checks and that a few days later judgment was entered against him. The second witness was asked if he “had heard” that the defendant had filed for bankruptcy and that a portion of the creditor claims listed against him *1176 was for unhonored checks. The witness was further asked if he “had heard” that an injunction had been issued prohibiting the defendant from practicing law. The court gave no instructions regarding such cross-examination and its relevance or the very limited purpose for which the jury might consider it. The court also made no effort, outside the presence of the jury, to ascertain whether there was a basis in truth for the questions. In addition, the prosecution failed to establish to the satisfaction of the trial court that such questions were in good faith.
In ruling that allowing such cross-examination was error, the court determined the case to be one of those rare circumstances where prejudicial abuse of discretion was clearly established for allowing the questions.[1] Gross, 394 F.2d at 220. The court noted that the record was barren of any showing supporting the basis for the cross-examination. Id. The trial judge took no safeguards to prevent the prosecution from “ ‘taking a random shot at a reputation imprudently exposed or asking a groundless question to waft an unwarranted innuendo into the jury bpx.’ ” Id. (citations omitted). The court held that the cross-examination plus the failure to ascertain, out of the presence of the jury, a legitimate base.for the inquiry, and the failure to warn or instruct the jury, was “clearly prejudicial.” Id. at 222.
Although the facts of Gross are different in important ways from the facts of the case at bar, Gross, at the very least, demonstrates why the decision whether to permit this type of cross-examination should have been left to the informed discretion of the' trial court. Specifically, Gross illustrates why the trial court, unlike the appellate court, is better situated to ascertain whether the SEC’s proffered questions were légitimate and posed in good faith, after the inquiries and balancing called for by Gross. Additionally, Gross shows why the trial court can best assess whether a limiting instruction was necessary and would have been effective.
Finally, the Rule 403 process contains a balancing test. The majority states that the district court improperly performed this balancing because the judge misapprehended the relevance side of the balance. This is a distortion of what happened at trial. The trial judge considered the evidentiary value of the proposed cross-examination and was properly concerned with the inherent unfairness that would result to Peters if a trial by innuendo were permitted. This is obvious in his findings. According to the trial judge, the “questions all related to allegations made against [Peters] which are wholly distinct from the insider trading charges that ma[k]e up the present case. They remain mere allegations, with the underlying conduct unproven before this or any court.” Memorandum and Order (October 9, 1990), in App. of SEC at 212-13. The trial judge also noted that the SEC was never prevented from examining Peters’ witnesses on the factual matters upon which their opinions were based. The SEC was, however, properly denied an “unfettered right to inquire, in the guise of cross-examination, into matters wholly irrelevant to the present case, and which the witnesses were neither familiar with nor utilizing to form any part of their opinion.” Id. at 206. I submit that the trial court did not abuse its discretion in so ruling.
For the foregoing reasons, the trial court had a reasonable basis for the exercise of its discretion to exclude the proposed cross-examination. Exclusion of such questions is “clearly within the zone of the trial court’s discretion within Rule 403.” Agristor, 865 F.2d at 1153. As I conclude that the district court’s decision was neither arbitrary, capricious, whimsical, nor an overriding of the law by the exercise of manifestly unreasonable judgment or the result of partiality, prejudice, bias, or ill-will, I would not overrule its finding on this issue. The facts of this case simply do not demon *1177 strate a clear abuse of discretion by the district court.

. The court noted that the "exercise of the right to test the credibility of character witness by such means is fraught with great danger. Unless circumscribed by rules of fairness and grounded in demonstrated good faith on the part of the prosecution, the result could be most prejudicial to the defendant and make for a miscarriage of justice.” Gross, 394 F.2d at 219.